# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| TINMASTER, INC., | ) |
|     Plaintiff, | ) |
| v. | ) No. 4:18-cv-00622-NKL |
| STANLEY BANK, | ) |
|     Defendant. | ) |

## ORDER

Pending before the Court is Plaintiff Tinmaster, Inc.'s motion for costs, expenses and attorney fees. Doc. 26. For the following reasons, the motion is denied.

**I.    Background**

On July 6, 2018, Tinmaster filed a Petition against Stanley Bank in state court. Doc. 1-1. Stanley Bank removed the case, asserting federal subject matter jurisdiction under 28 U.S.C. § 1334 based on the connection between Tinmaster's claims and a bankruptcy proceeding. Doc. 1. On Tinmaster's motion, Doc. 13, the Court found that Section 1334 mandated abstention and remanded the case. Doc. 24. Tinmaster seeks an order 28 U.S.C. § 1447(c) for the payment of just costs, expenses, and attorneys' fees incurred as a result of Stanley Bank's removal of the case. Doc. 26.

**II.    Discussion**

A district court "may require" a removing party to pay "just costs and any actual expenses, including attorney fees, incurred as a result of removal." 28 U.S.C. § 1447(c). Additionally, "'district courts may award costs after an action is dismissed for want of jurisdiction.'" *Convent Corp. v. City of N. Little Rock, Ark.*, 784 F.3d 479, 482 (8th Cir. 2015) (quoting *Cooter & Gell v.*

*Hartmarx Corp.*, 496 U.S. 384, 395 (1990)). Absent unusual circumstances, however, an award is appropriate "only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Tinmaster argues that Stanley Bank's decision to contest only two of the requirements for mandatory abstention shows that defendant lacked an objectively reasonable basis for removal. However, Stanley Bank did not need to dispute each requirement because establishing that even one was not met conceivably could have defeated the motion to remand. Tinmaster also emphasizes that the Court ultimately granted the motion to remand, and presumes that Stanley Bank knew that mandatory abstention would apply when it removed the case. "'[T]he court must consider the objective merits of removal at the time of removal, irrespective of the ultimate remand.'" *Convent Corp.*, 784 F.3d at 483 (citation omitted). Given the multiple references to a bankruptcy proceeding in Tinmaster's petition, the Court cannot conclude Stanley Bank lacked an objectively reasonable basis for removal. Accordingly, an award of costs, expenses and attorney fees is not appropriate.

**III. Conclusion**

For the reasons set forth above, Tinmaster's motion for costs, expenses and attorney fees, Doc. 26, is denied.

/s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: February 8, 2019
Jefferson City, Missouri